UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


CHRISTOPHER LEE WILLIAMS,            )
                                     )
            Plaintiff,               )
                                     )        CIVIL ACTION NO.
VS.                                  )
                                     )        3:07-CV-0295-G
MICHAEL JAMES ASTRUE,                )
Commissioner, Social Security        )
Administration, ET AL.,              )        **ECF**
                                     )
            Defendants.              )


<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the motion of Michael James Astrue ("Astrue" or "the

Commissioner"), Mark Anderson ("Anderson"), Linda Jackson, Joan Parks Saunders,

Randy Lappin, and Virginia McGhee (collectively, "the defendants") to dismiss the

plaintiff's constitutional claims against all the defendants and to dismiss the

plaintiff's Rehabilitation Act claims against all the defendants except Astrue.  For the

reasons set forth below, the motion is granted.

## I.  <u>BACKGROUND</u>

This case stems from the United States Social Security Administration's

alleged failure to provide its employee, the plaintiff Christopher Lee Williams

("Williams" or "the plaintiff"), with reasonable accommodations in violation of section 501 of the Rehabilitation Act, 29 U.S.C.A. § 791. Williams' Rehabilitation Act claim arises from his request for, and his employer's alleged failure to provide, various items for Williams' workspace purportedly needed to accommodate his disabilities. Williams also asserts two claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971): one for alleged violations of his right to petition the government, as guaranteed under the First Amendment to the United States Constitution, and one for alleged violations of his right to due process, as guaranteed by the Fifth Amendment to the United States Constitution.

Williams' First Amendment claim under *Bivens* alleges that Anderson, associate commissioner for the Social Security Administration's Office of Civil Rights and Equal Opportunity, interfered with Williams' ability to petition the government for redress of his grievances (*i.e.*, that Anderson interfered with the plaintiff's complaint to the Equal Employment Opportunity office). According to the complaint, Anderson unreasonably delayed the investigation of his claims, sought to limit the scope of the investigation, and assigned Williams' case to an inexperienced and unqualified investigator. *See* Verified Complaint ("Complaint") ¶ 115.

Unlike his First Amendment claim under *Bivens*, Williams' Fifth Amendment claim is less clearly articulated on the face of his complaint. While Williams lists the

Fifth Amendment to the United States Constitution as "relevant law" in his complaint, *see* Complaint ¶ 73, throughout his five causes of action there is no direct reference to that amendment. Rather, in four of his five claims for relief, Williams states only that one or more of the defendants violated "the applicable laws, regulations, and EEOC Guidance." See *id.* ¶¶ 99, 104, 107, and 112. Even in his response to the defendants' motion to dismiss, Williams fails to succinctly articulate his Fifth Amendment claim. *See* Plaintiff's Response to Defendants' Motion to Dismiss ("Response") at 7.

## II. ANALYSIS

The defendants move that the court (1) dismiss, pursuant to FED. R. CIV. P. 12(b)(2), the Rehabilitation Act claims against all the individual defendants except Astrue and (2) dismiss, pursuant to FED. R. CIV. P. 12(b)(6), both *Bivens* claims against all the defendants. With regard to their Rule 12(b)(2) motion, the defendants argue that the Rehabilitation Act claims against all defendants except Astrue should be dismissed because, under the Rehabilitation Act, only the head of the agency for which the plaintiff works may be named as a defendant. The defendants assert that Williams' constitutional claims should be dismissed because his request for relief under the Rehabilitation Act precludes all other related claims.

Though the defendants' motion to dismiss the Rehabilitation Act claims is framed as arising under Rule 12(b)(2), the court concludes that the motion should be

treated as a motion to dismiss for failure to state a claim. *Mathews v. Little*, Civ. A. No. 92-CV-1114, 1992 WL 192542, at *1 (E.D. Pa. July 31, 1992); see *Alden v. Allied Adult & Child Clinic, L.L.C.*, 171 F. Supp. 2d 647, 650 (E.D. La. 2001) (treating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) as a motion to dismiss for failure to state a claim); *Cook v. Board of Supervisors of Lowndes County, Mississippi*, 806 F. Supp. 610, 613 (N.D. Miss. 1992) (same); see also *Sigros v. Walt Disney World Company*, 129 F. Supp. 2d 56, 69-70 (D. Mass. 2001) (treating the defendants' Rule 12(b)(6) motion as arising under Rule 12(b)(2)).

A. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B Wright & Miller § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the

court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

### B.  Claim Under the Rehabilitation Act

Section 505(a)(1) of the Rehabilitation Act (codified at 29 U.S.C. § 794a(a)(1)) makes all "remedies, procedures, and rights" under Title VII of the Civil Rights Act of 1964 available to plaintiffs who file suit under section 501 of the Rehabilitation Act. As a consequence of this provision, the only proper defendant for claims arising under the Rehabilitation Act is the head of the governmental department that employs the plaintiff. 42 U.S.C. § 2000e-16(c) (as incorporated by 29 U.S.C. § 794a(a)(1)); see *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988).

The defendants aver that Astrue, the Commissioner of the Social Security Administration, is the only proper defendant against whom claims under the Rehabilitation Act may be asserted. For his part, Williams did not respond to this averment. The court concludes that Williams' Rehabilitation Act claims are cognizable only against Astrue. To the extent that Williams attempts to assert claims under the Rehabilitation Act against the other defendants, those claims must be dismissed.

## C. *Bivens* Claims

Though Williams did not expressly plead a claim under *Bivens*, his two constitutional claims -- alleged violations of the First and Fifth Amendments by an agent of the United States government -- are cognizable, if at all, only under *Bivens*.[1]

In *Bivens*, the United States Supreme Court held that a common law private cause of action for monetary damages existed against agents of the United States for constitutional violations committed by those agents while acting under the color of their federal authority. 403 U.S. at 389, 397. However, such a private cause of action does not exist for all alleged violations of constitutional rights. See, *e.g.*, *Bush v. Lucas*, 462 U.S. 367, 390 (1983). In a recent opinion, the United States Supreme Court outlined a two-step analysis for determining whether a *Bivens*-type action exists.

---

[1] Even though Williams' complaint does not expressly plead claims under *Bivens*, the court must construe his complaint liberally due to his status as a *pro se* litigant. See *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

See *Wilkie v. Robbins*, __ U.S. __, 127 S. Ct. 2588, 2598 (2007).  First, the court is to

determine "whether any alternative, existing process for protecting the interest

amounts to a convincing reason for the Judicial Branch to refrain from providing a

new and freestanding remedy in damages."  *Id.*  Second, if there is no alternative

remedy, "the federal courts must make the kind of remedial determination that is

appropriate for a common-law tribunal, paying particular heed, however, to any

special factors counselling hesitation before authorizing a new kind of federal

litigation."  *Id.* (quoting *Bush*, 462 U.S. at 378).  One such "special factor" is the

existence of an employer/employee relationship between the plaintiff and the federal

government.  See *Bush*, 403 U.S. at 390; *Palermo v. Rorex*, 806 F.2d 1266, 1271 (5th

Cir.) ("In this highly regulated area of federal employment, where Congress has

created exhaustive administrative avenues for employee disputes, there are those very

strong 'special factors counselling hesitation' preventing us from creating a *Bivens*-type

constitutional remedy for violations of employees constitutional rights arising in and

from the employment context."), *cert. denied*, 484 U.S. 819 (1987); *Bennett v. Barnett*,

210 F.3d 272, 274-75 (5th Cir.) (discussing the Supreme Court's holding in *Bush*),

*cert. denied*, 531 U.S. 875 (2000); *Broadway v. Block*, 694 F.2d 979, 985 (5th Cir.

1982) ("[T]his circuit has been reluctant to extend a *Bivens* remedy to federal

employees in suits against the government in its capacity as an employer."); *Bush v.

Lucas*, 647 F.2d 573, 576-77 (5th Cir. 1981), *aff'd*, 462 U.S. 367 (1983).

1.  *First Amendment Claim*

Williams asserts a claim for relief under the First Amendment, arguing that Anderson's failure to efficiently investigate his claim for reasonable accommodations interfered with his right to petition the government for redress as guaranteed by the First Amendment.  However, before a *Bivens*-style action can exist, there must be a deprivation of some constitutionally protected right, a requirement which Williams cannot meet.  See *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.) ("Because of the preeminent place that the First Amendment occupies in our constitutional jurisprudence, the Contractors need not prove that in being denied the right to self-market, they have been denied a property right or liberty interest or some other independent legal right. . . .  But they still must show a constitutional violation.") (internal citation omitted), *cert. denied*, 513 U.S. 926 (1994).

The Fifth Circuit, as well as several other circuits, has held that a public employee's grievance with his supervisor is not protected under the petition clause when such a grievance does not implicate any other right protected by the First Amendment.  See *Day v. South Park Independent School District*, 768 F.2d 696, 701-02 (5th Cir. 1985) *cert. denied*, 474 U.S. 1101 (1986); see also *White Plains Towing Corporation v. Patterson*, 991 F.2d 1049, 1059 (2d Cir.), *cert. denied*, 510 U.S. 865 (1993); *Belk v. Town of Minocqua*, 858 F.2d 1258, 1261-62 (7th Cir. 1988); *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985); *Renfroe v. Kirkpatrick*, 722 F.2d 714,

715 (11th Cir.), *cert. denied*, 469 U.S. 823 (1984). In *Day*, the apposite Fifth Circuit

case on the issue, the plaintiff was a public school teacher; the school district chose

not to renew her employment contract following the teacher's filing of a formal

grievance against her supervisor. 768 F.2d at 699. The court reasoned that the

petition clause is inseparable from other rights guaranteed by the First Amendment

and is "an assurance of a particular freedom of expression". *Id.* at 701 (quoting

*McDonald v. Smith*, 472 U.S. 479 (1985)); see also *White Plains Towing Corporation*,

991 F.2d at 1059. Because the teacher's personal grievance was wholly disassociated

with any other liberty interest under the First Amendment, it was not protected by

the petition clause. *Day*, 768 F.2d at 701. *Day* ultimately held that unless a public

employee's petition involves some other First Amendment right (*i.e.*, speech,

association, or assembly), the First Amendment provides no additional protection.

See *id.*; see also *Belk*, 858 F.2d at 1261-62; *Gearhart*, 768 F.2d at 1073; *Renfroe*, 722

F.2d at 715.

In this case, Williams' complaint that his employer violated his rights under

the petition clause fails to state a claim as a matter of law because he does not allege a

coexisting First Amendment interest. That is, Williams' only claim is that Anderson's

alleged delay in investigating Williams' claims for reasonable accommodations

interfered with his right to petition the government; he does not however, identify an

expression-related interest that was affected. Williams' employment grievance related

to him in a "purely personal manner." *Day*, 768 F.2d at 697. Consequently, Williams has not stated a First Amendment claim on which relief can be granted.

Moreover, even if Anderson's actions amounted to a violation of a constitutionally protected right, *Bivens* would not provide Williams with an avenue for relief. In the Fifth Circuit, a federal employee's First Amendment claims are not entitled to a *Bivens*-style action. See *Perez v. Federal Bureau of Investigation*, 71 F.3d 513, 515 (5th Cir. 1995), *cert. denied*, 517 U.S. 1234 (1996); *Gremillion v. Chivatero*, 749 F.2d 276, 277-78 (5th Cir. 1985); *Bush*, 647 F.2d at 576. More importantly, Williams First Amendment petition clause claim is really an alternative attempt to assert a procedural due process claim. That is, he claims that the violation of his right to petition the government stems from Anderson's delay in conducting the investigation into his claims.[2] His only complaint here is that the procedure associated with that investigation took longer than Williams thought necessary and that the delay was a violation of his First Amendment right to petition the government. Williams' First Amendment claim is nothing more than a second bite at the procedural due process apple.

---

[2]     As evidence of this fact are Williams citations to *Rauccio v. Frank*, 750 F. Supp. 566 (D. Conn. 1990), and *Grichenko v. United States Postal Service*, 524 F. Supp. 672 (E.D.N.Y. 1981), in support of his First Amendment claim. *See* Response at 4. As discussed *infra*, both *Rauccio* and *Grichenko* involved *Bivens*-style actions related to the Fifth Amendment. See *infra* note 3.

### 2. *Fifth Amendment Claim*

The defendants argue that the plaintiff's claim for relief under the Fifth Amendment also must be dismissed because it is precluded by his claim under the Rehabilitation Act. *See* Motion to Dismiss Individual Defendants and Claims Other than Rehabilitation Act at 2. While a liberal reading of the plaintiff's complaint suggests that he is asserting a claim under the Fifth Amendment, it is unclear to the court what type of claim he is raising. Specifically, the court cannot glean from the complaint whether Williams is asserting a claim for a violation of his right to procedural due process or for a deprivation of some guaranteed substantive right. Accordingly, the court will address both possibilities below.

### a. Due process claim for deprivation of a substantive right

To the extent that Williams asserts a claim to vindicate a substantive right (*i.e.*, to be free from discrimination based on his disability and/or to receive reasonable accommodations for his disability), such an independent *Bivens*-style action is not cognizable. Williams' exclusive remedy to cure discrimination on the basis of his disability is the Rehabilitation Act. See *Plautz v. Potter*, 156 Fed. App'x 812, 815-16 (6th Cir. 2005) ("The Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability."); *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) ("Section 501 of the [Rehabilitation] Act, which is the sole remedy for federal employees claiming disability discrimination, . . . requires federal

agencies to accommodate disabled employees and prohibits discrimination based on disability.") (internal citation omitted).

b.  Procedural due process claim

The court has been unable to find any precedent that a *Bivens*-style procedural due process claim is judicially cognizable when a federal employee complains of the procedure afforded him in conjunction with either the Rehabilitation Act or Title VII. Williams has provided the court with no such authority.[3]  While the court recognizes under the first part of the *Bivens* analysis, as articulated by *Wilkie*, 127 S. Ct. at 2598, that no alternate form of judicial relief is available for the plaintiff to recover monetary damages for the alleged procedural due process violations, the second part of the *Wilkie* analysis counsels against creating a new cause of action to encompass Williams' *Bivens*-style procedural due process claim.  That is, Williams' relationship to the federal government as an employee, combined with the congressionally prescribed

_____

[3]      Williams cites *Rauccio v. Frank*, 750 F. Supp. 566 (D. Conn. 1990), and *Grichenko v. United States Postal Service*, 524 F. Supp. 672 (E.D. N.Y. 1981), *aff'd*, 751 F.2d 368 (2d Cir. 1984) (table), for the proposition that a *Bivens*-style action exists to vindicate violations of the petition clause of the First Amendment.  However, both cases involved due process claims under the Fifth Amendment, not the petition clause.  Furthermore, neither case supports Williams' Fifth Amendment *Bivens*-style action because both cases are factually distinguishable from the instant case.  See *Rauccio*, 750 F. Supp. at 569, 571 (allowing a *Bivens*-style procedural due process claim for federal employee where supervisor manipulated the procedural protections by repeatedly hiring and firing the employee so as to avoid appellate review by the Merit Systems Review Board); *Grichenko*, 524 F. Supp. at 674, 676-77 (allowing a procedural due process *Bivens*-style claim where the plaintiff-employee's supervisor failed to timely submit his Federal Employee Compensation Claim to the Office of Workers' Compensation Programs, thus denying review for his injury).

procedure in the Rehabilitation Act for vindicating rights against discriminatory employment practices, counsel against creating a new cause of action where none has previously existed.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss the plaintiff's Rehabilitation Act claims against all the individual defendants except Astrue is **GRANTED**.  The motion to dismiss all of the plaintiff's claims other than the Rehabilitation Act claim is also **GRANTED.**

**SO ORDERED**.

August 21, 2007.

A. JOE FISH
CHIEF JUDGE